**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DEVANTE ANDREW BUMPARS,

                              Plaintiff,

        v.                                                9:24-cv-00295 (AMN/MJK)

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION *et al.*,

                              Defendants.

**APPEARANCES:**                                         **OF COUNSEL:**

**DEVANTE ANDREW BUMPARS**
17-B-1250
Fishkill Correctional Facility
P.O. Pox 1245
Beacon, New York 12508
Plaintiff *pro se*

**HON. LETITIA A. JAMES**                                **CHI-HSIN E. ENGELHART, ESQ.**
New York State Attorney General                          Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

On March 1, 2024, plaintiff *pro se* Devante Andrew Bumpars ("Plaintiff") commenced this

action pursuant to 42 U.S.C. § 1983 against numerous defendants (collectively, "Defendants") in

connection with his incarceration at Great Meadow Correctional Facility ("Great Meadow").  Dkt.

No. 1 ("Complaint").  The Court evaluated the sufficiency of the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A and, on April 25, 2024, dismissed numerous claims and

1

defendants and determined that certain claims against one defendant were sufficient to require a response. Dkt. No. 6. On July 1, 2024, Plaintiff filed an amended complaint. Dkt. No. 13 ("Amended Complaint"). The Court evaluated the sufficiency of the Amended Complaint and, on August 9, 2024, dismissed numerous claims and defendants and determined that certain claims against two defendants were sufficient to require a response. Dkt. No. 15.

On January 29, 2025, these two defendants moved for summary judgment, on the basis that Plaintiff had failed to administratively exhaust his claims. Dkt. No. 32. On March 18, 2025, Plaintiff filed a second amended complaint and named a third defendant. Dkt. No. 39 ("Second Amended Complaint"). On May 30, 2025, Defendants Johnathan Souza, Jesse Stevens, and Josh Stevens (collectively, "Defendants"), moved for summary judgment, again on the basis that Plaintiff had failed to exhaust his administrative remedies, and to dismiss certain of Plaintiff's claims for failure to state a claim. Dkt. No. 54 ("Motion"). Plaintiff subsequently opposed the Motion and moved for the appointment of counsel. Dkts. Nos. 66-67.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who considered the parties' submissions and, on November 21, 2025 issued a report-recommendation and order recommending that (i) Plaintiff's claims be dismissed for failure to exhaust his administrative remedies or, alternatively, that certain of Plaintiff's claims be dismissed for failure to state a claim; and (ii) Plaintiff's request for the appointment of counsel be denied. Dkt. No. 78 ("Report-Recommendation"). Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 30.[1]

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

2

The Court granted Plaintiff an extension of time to file objections, and received Plaintiff's objections on January 27, 2026. Dkt. No. 82. For the reasons set forth below, the Court adopts the Report-Recommendation.

## II.    LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at

3

particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff's claims relate to alleged events at Great Meadow on February 2, 2022.  *See generally* Dkt. No. 39.  As relevant here,[2] Magistrate Judge Katz determined that the Prison Litigation Reform Act ("PLRA") required Plaintiff to exhaust his available administrative remedies prior to commencing suit.  Dkt. No. 78 at 9-12.  Magistrate Judge Katz then reviewed the admissible evidence from the parties and found no genuine dispute of material fact that Plaintiff had failed to exhaust his available administrative remedies.  *Id.* at 2-4, 12-16.  As detailed in the Report-Recommendation, there was no record of Plaintiff contemporaneously submitting any grievance, or appeal, in connection with the alleged events of February 2, 2026.  *Id.*  In contrast, the factual record demonstrated that Plaintiff had submitted numerous other grievances in the years before and after the alleged events at issue in his Second Amended Complaint.  *Id.* at 3-4, 13. Magistrate Judge Katz also examined the handwritten materials that Plaintiff had included in

---

[2] The Report-Recommendation also included alternative findings with respect to Defendants' motion to dismiss arguments.  Dkt. No. 78 at 16-25.  The Court finds it unnecessary to reach, or adopt, the Report-Recommendation's alternative findings for the reasons that follow.

response to the Motion, but determined that these materials did not appear to contain a valid grievance and, even if they could be construed as such, they were still insufficient to create a genuine dispute of material fact as to whether Plaintiff had exhausted his administrative remedies. *Id.* at 12-16; *see also Thomas v. Wood*, No. 19-cv-6915, 2021 WL 5827275, at *4 (W.D.N.Y. Dec. 8, 2021) ("Indeed, letters cannot simply be treated as a 'grievance.'") (collecting authorities).

In his objections to the Report-Recommendation, Plaintiff does not contest that his claims are subject to the PLRA's exhaustion requirement. *See generally* Dkt. No. 82; *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) ("Exhaustion is mandatory—unexhausted claims may not be pursued in federal court.") (citation omitted). Plaintiff also does not specifically challenge Magistrate Judge Katz's finding that administrative remedies were available to him.[3] *See, e.g.,* Dkt. No. 82 at 7. Plaintiff instead argues, as he has previously, that he successfully completed the entire grievance process. *See, e.g.,* Dkt. No. 67 at 7 (arguing that "[i]n contrast to defendant[s'] assertions, the plaintiff seized full advantage of the grievance process" and how plaintiff purportedly did so); Dkt. No. 82 at 2-4.

But Plaintiff still fails to identify how, or with whom, he filed a grievance at Great Meadow, following the alleged events of February 2, 2022 and prior to his transfer to Coxsackie Correctional Facility ("Coxsackie") on March 18, 2022. *See generally* Dkt. No. 82; *LionKingzulu v. Jayne*, 714 F. App'x 80, 82 (2d Cir. 2018) ("New York's Department of Corrections and Community Supervision (DOCCS) administrative scheme unambiguously requires that an inmate file his grievance 'within 21 calendar days of an alleged occurrence' and that the grievance 'may only be

---

[3] Although Plaintiff has provided differing accounts as to when in February 2022 he was in a special housing unit at Great Meadow, *compare* Dkt. No. 67 at 2, ¶¶ 8-9, *with* Dkt. No. 82 at 2-3, the Court finds no clear error in this finding, given the factual record and Plaintiff's arguments. *Cf. Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016); *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020).

filed at the facility where the inmate is housed even if it pertains to another facility.'  The scheme further provides for a mitigating-circumstances exception to the time limit, but notes that '[a]n exception to the time limit may not be granted if the request was made more than 45 days after an alleged occurrence.'") (alteration in original) (citations omitted).  At one point, Plaintiff appears to suggest that he only prepared, but did not file, a narrative of the alleged events.  Dkt. No. 82 at 2-3 ("For one there was no attempt to grieve, I wrote up the [alleged events] . . . on regular lined paper[.])").  Plaintiff also states that "an exception to the time limit may be requested" in order to file a grievance.  *Id.* at 3.  But Plaintiff does not claim that he ever requested an extension of time to file a grievance.  *Id.* at 2-3.  Regardless, none of the handwritten documents that Plaintiff has provided contain a request for an extension of time to file a grievance.  Dkt. No. 67 at 16, 17, 21.

In addition to these documents, Plaintiff now contends that he filed an appeal relating to his grievance sometime prior to his transfer to Coxsackie.  Dkt. No. 82 at 3.  Plaintiff offers no documentation or other evidence to support this contention.  *See generally* Dkt. No. 82; *Dean v. Sheehan*, No. 22-cv-00746, 2025 WL 1811183, at *13 (N.D.N.Y. July 1, 2025) ("[A] plaintiff must provide some corroboration of a claim that a grievance was submitted, such as evidence demonstrating when the grievance was written, the content of the grievance, how the plaintiff attempted to file the grievance, or that the plaintiff followed up with prison officials on the disposition of a grievance.") (citations omitted).

Plaintiff now also asserts that, after he provided various handwritten documents to Great Meadow, later "[i]n 2022 before leaving Coxsackie my legal mail and documents was destroyed by staff[.]"  Dkt. No. 82 at 4.  Given this, it is unclear how, in 2024, Plaintiff mailed his "appeal again to CORC [Central Office Review Committee] with my original carbon copy of my

grievance[.]"[4]  *Id.*  Or, for that matter, how Plaintiff provided handwritten copies of apparently destroyed documents for Magistrate Judge Katz's consideration in 2025.  Dkt. No. 67 at 16, 17, 21; *see also Butler v. Viscusi*, No. 11-cv-4844, 2014 WL 1407262, at *8 (E.D.N.Y. Apr. 11, 2014) (Bianco, J.) ("As a threshold matter, plaintiff cannot rely on the copies of the grievances submitted with his opposition, because there is no record of them having been filed with [the facility].") (citation omitted); *Harris v. Loverde*, No. 08-cv-6069, 2011 WL 5080089, at *4 (W.D.N.Y. Oct. 26, 2011) ("The Court finds the "copy" of the grievance . . . unreliable as it was not produced with the Complaint, not notarized, and there is no record of it having been filed.  Additionally, Plaintiff failed to follow-up his filed complaint pursuant to the [ ] procedure set out in the DOCCS Directive and required by the PLRA.").

In short, the Court finds Plaintiff's objections to the Report-Recommendation unpersuasive.  Whether reviewed *de novo* or for clear error, the Court finds no error in Magistrate Judge Katz's findings and recommendations regarding Defendants' Motion for summary judgment based on Plaintiff's failure to exhaust.  *See, e.g., Dean*, 2025 WL 1811183, at *13.

Magistrate Judge Katz also reviewed Plaintiff's motion to appoint counsel and, after considering the relevant factors, determined that such an appointment was unwarranted at this time.  Dkt. No. 78 at 25-29 (discussing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  Because Plaintiff does not object to this portion of the Report-Recommendation, the Court reviews for clear error, and finds none.

As a result, the Court adopts the Report-Recommendation.

---

[4] Although the Complaint was not filed until March 2024, Dkt. No. 1, its affidavit of service was notarized on January 9, 2024, Dkt. No. 39 at 7, which is the day before Plaintiff contends he mailed his appeal to CORC, Dkt. No. 67 at 19.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 78, is **ADOPTED**; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 54, is **GRANTED**; and the Court further

**ORDERS** that that the Second Amended Complaint is **DISMISSED** because Plaintiff failed to exhaust his administrative remedies; and the Court further

**ORDERS** that the parties' pending requests, Dkt. Nos. 50, 66, are **TERMINATED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules and close the case.[5]

**IT IS SO ORDERED.**

Dated:  March 20, 2026
          Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.